IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA *

VS. * CRIMINAL NO.: RDB-14-577

JOHN EDWARD HAYES *

Defendant *

*************************************************************************

**MOTION TO SUPPRESS PHOTO IDENTIFICATION AND/OR VIDEO SURVEILLANCE AND IN COURT IDENTIFICATION AND REQUEST FOR HEARING**

Now comes the Defendant, John Edward Hayes, by and through his attorney, David R. Solomon, Esquire, and hereby moves this Honorable Court to suppress all evidence of and testimony relating to any alleged pre-trial photographic identifications and/or video surveillance of him by Government witnesses, and any attempted in-Court identification of him by those witnesses with respect to the crimes alleged in the pending Indictment. In support of his motion, the Defendant states the following reasons:

1) The Defendant, John Edward Hayes, is charged in an eight (8) count indictment with six (6) counts of bank robbery in violation of 18 U.S.C. §2113(a)(f). Defense counsel has information that Government witnesses to the bank robberies were shown photographic arrays and/or video surveillance of the robbery itself.

2) Defense counsel has reason to believe that these arrays contain the picture of the Defendant. One or more witnesses may have identified the Defendant as one of the individuals they had seen at the bank.

3) The photographs and/or video surveillance exhibited to the Government witnesses and the techniques used by law enforcement personnel in exhibiting the photographs denied the Defendant due process of law in violation of the United States Constitution.

4) The pretrial showing of the photographs and/or video surveillance were so "impermissively suggestive as to give rise to a very substantial likelihood of irreparable misidentification." See Simmons v. United States, 390 U.S. 377 (1968); United States v. Marson, 408 F.2d 644 (4th Cir. 1968). Any attempted in-Court identification should be suppressed as unreliable and tainted by the pretrial identifications. For these reasons, and for such other and further reasons as may become apparent at a hearing on this Motion or after discovery is furnished in connection with the photographic array, the pretrial identifications and any attempted in-Court identifications of the Defendant should be suppressed.

**WHEREFORE,** the Defendant respectfully moves this Honorable Court to suppress all evidence of and testimony relating to the alleged pretrial photographic identifications/video surveillance identifications of the Defendant by Government witnesses, and any attempted in-Court identification of the Defendant by those same witnesses.

Respectfully submitted,

DAVID R. SOLOMON, ESQ.
201 N. Charles St., Suite 1717
Baltimore, Maryland 21201
Phone No.: 410-244-8822
Fax No. : 410-625-1028
*Attorney for Defendant,*
*John Edward Hayes*

## MEMORANDUM OF POINTS AND AUTHORITIES

1. Fifth Amendment to the United States Constitution.
2. Simmons v. United States, 390 U.S. 377 (1968).
3. United States v. Marson, 408 F.2d 644 (4th Cir. 1968).

DAVID R. SOLOMON, ESQ.

**REQUEST FOR HEARING**

Pursuant to Rule 105.6 of the Local Rules of the United States District Court for the District of Maryland, a hearing is requested on the Defendant's Motion.

DAVID R. SOLOMON, ESQ.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 14th day of April, 2015, a copy of the foregoing Motion To Suppress Photo Identification And/Or Video Surveillance And In Court Identification And Request For Hearing was filed via CM/ECF to:

P. Michael Cunningham, Esquire
Assistant United States Attorney
Office of the United States Attorney
36 South Charles Street, Fourth Floor
Baltimore, Maryland 21201

DAVID R. SOLOMON, ESQ.