IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| VS. | * | CRIMINAL NO.: RDB-14-577 |
| JOHN EDWARD HAYES | * | |
| Defendant | * | |

*****************************************************************************

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SEVERANCE BASED UPON PREJUDICAL JOINDER OF OFFENSES**

Defendant, John Edward Hayes, by and through his attorney, David R. Solomon, submits this Memorandum In Support of Defendant's Motion For Severance Based Upon Prejudicial Joinder Of Offenses.

**OFFENSES**

Defendant, John Edward Hayes, was charged in an eight count indictment including Counts One (1) through Five (5) for Bank Robbery, in violation of 18 U.S.C. § 2113(a) and (f); Count Six (6) for Armed Bank Robbery in violation of 18 U.S.C. § 2113(a), (d), and (f); Count Seven (7) for Using, Carrying and Brandishing a Firearm in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c); and Count Eight (8) for Felon in Possession of a Firearm in violation of 18 U.S.C. § 924(d).

**ARGUMENT**

The Federal Rules of Criminal Procedure state that "[i]f the joinder of offenses…in an indictment…appears to prejudice a defendant or the government, the court may order separate trials of counts…or provide any other relief that justice requires." Fed R. Crim. Proc. 14. Each alleged robbery listed in the indictment constitutes a different act. The alleged offenses are not in furtherance of one common goal and are not related to each other.

In this case, the indictment alleges John Edward Hayes committed multiple bank robberies, including Count One (1), a February 3, 2014 robbery of PNC Bank; Count Two (2), a February 18, 2014 robbery of Wells Fargo Bank; Count Three (3), a March 14, 2014 robbery of Wells Fargo Bank; Count Four (4), an April 21, 2014 robbery of Capital One Bank; Count Five (5), an April 28, 2014 robbery of Capital One Bank; and Count Six (6), a May 1, 2014 robbery of SunTrust Bank. The indictment further alleges in Count Seven (7) that John Edward Hayes used a firearm during a crime of violence occurring on May 1, 2014—the SunTrust Bank robbery. Additionally, the indictment alleges in Count Eight (8) that John Edward Hayes was a felon possessing a firearm on May 6, 2014—the day that John Edward Hayes was shot in a McDonald's bathroom. The Defendant maintains that the only offenses that can reasonably be joined in this case are Counts Six (6) and Seven (7) which relate to the robbery of the SunTrust Bank on May 1, 2014. Defendant further asserts that the individual bank robberies are stand alone acts and the May 6, 2014 felon in possession of a hand gun charge has nothing to do with the individual robberies. There is nothing in the indictment, or discovery disclosed to this date, that suggests that the robberies were a part of one common plan or scheme.

There can be no doubt that joinder of the offenses in this case will have a prejudicial effect on the Defendant. It is inevitable that joinder of offenses will lead to jury confusion and altogether likely that the jury will conflate evidence of one offense with another.

In *United States v. Mackins*, the court held that a drug and money laundering scheme and a counterfeit check scheme were improperly joined and should have been tried separately. *United States v. Mackins*, 315 F.3d 399, 413 (4th Cir. 2003). The court asserted that while it was possible that Mackins used the money generated through the counterfeit check scheme to launder drug money in the drug and money laundering scheme, there was no connection as alleged in the

indictment. *Id.* Similarly, in this case, there is nothing to suggest that the offenses were connected in any way other than by proximity in time. The indictment simply lists random bank robberies allegedly committed by Hayes.

In *United States v. Cardwell*, the court upheld the district court's denial of defendant Hinson's motion to sever the offenses. *United States v. Cardwell*, 433 F.3d 378, 382 (4th Cir. 2005). In *Cardwell*, Hinson and Cardwell were charged with solicitation to commit murder, attempted murder of a government witness, witness tampering and retaliating against a witness. Additionally, Hinson was charged with being a felon in possession of a gun. *Id.* at 384. Hinson argued that the gun possession and participation in the murder-for-hire scheme had no logical relationship and should have been severed. *Id.* at 386. The court found the government's argument unpersuasive that the two charges were logically related based on the seizure of the gun during the investigation of the murder-for-hire scheme. *Id.* at 386. The court reasoned that simply because the gun was seized during the investigation of the murder-for-hire scheme did not establish that the crimes were logically related but only temporally related. *Id.*

In this case, the offenses alleged are not logically related under Rule 8(a). Fed. R. Crim. Proc. Rule 8(a). There may be a temporal relationship between and among the offenses but the relationship is not a logical one. Drawing comparisons to *Cardwell*—where the court found the offenses were only temporally related—the offenses in this case are only institutionally related in that the crimes occurred in different banking institutions. *See Cardwell*, 433 F.3d at 386. A bank robbery, by its very nature, is a single and isolated transaction unlike an individual drug transaction that may be linked to a series of transactions in furtherance of the aims of a drug or RICO organization.

Moreover, there are differences between the specific alleged offenses herein. In this case, the bank robberies occurred in different locations, on different days, through different means, and sometimes with the aid of other people. Specifically, the modus operandi of the criminal actor was different in each offense. In the robbery on February 18, 2014, it is alleged that Hayes was dressed in disguise as a woman. In the robbery on May 1, 2014, it is alleged that Hayes flashed a firearm. In the robbery on April 30, 2014 at Wells Fargo Bank it is alleged that Hayes was with "unknown subjects". The differences in the manner of the alleged bank robberies demonstrate that the alleged bank robberies were not one scheme, but multiple individual acts.

The government argues that the Motion for Severance should be denied because the bank robberies were related in time and manner and there were similarities between the robberies. The government further states that the gun charged in Counts Seven (7) and Eight (8) is believed to be the same gun. They further allege that a "[white Nissan] had been seen in surveillance images associated *with some* of the bank robberies and was believed to be a vehicle used by the *robber(s).*" (See Gov't Resp. p. 3) (emphasis added). Therein lies the rub. First, the government cannot state with certainty that a white Nissan was used in all of the alleged offenses. The jury will most likely have difficulty separating the facts as to when a white Nissan was present and when it was not. On the other hand, the jury may become confused and believe that a white Nissan allegedly rented by John Hayes was present at each offense even though the facts show otherwise. Second, the government can only speculate—which might lead a jury to do the same—that Mr. Hayes conspired with unknown others to rob some banks while at the same time acting alone to rob other banks. That the government posits that the white Nissan was used by the "robber(s)" demonstrates that the evidence tends to show that in some of the offenses there

were conceivably multiple criminal actors, and in other offenses there was just one. This leads to the conclusion that there were actual and logical differences between and among the robberies.

The government also relies on a temporal relationship in order to prove that the offenses are similar. (See Gov't Resp. p. 4). However, as previously discussed, the court in *Cardwell* stated that a temporal relationship between offenses does not mean there is a logical relationship between the offenses. *Cardwell*, 433 F.3d at 386. Furthermore, there is no true temporal relationship in this case. The offenses occurred at random dates over a period of months. Again, the only similarity between these offenses is the fact that each occurs in a banking institution.

It is foreseeable that a jury could become confused and conflate evidence of one robbery with another. If this were to occur, the prejudicial effect on Hayes would be incalculable. Because the robberies are institutionally related, not logically related, the jury most likely will find it difficult to distinguish between robberies. In *United States v. Mackins*, the court believed that the error in joinder of the offenses was harmless because the evidence presented to the jury regarding the check fraud scheme was distinct and easily segregated from the evidence regarding the drug and money laundering scheme. *Mackins*, 315 F.3d at 415. Unfortunately in this case, and as made evident by the previous discussion, the jury will not have the same ease that the jury in *Mackins* enjoyed in separating one scheme from another inasmuch as each offense in this case bears a superficial resemblance to the other.

**WHEREFORE**, for all the foregoing reasons, Defendant John Edward Hayes respectfully requests this Honorable Court to grant his Motion For Severance Based Upon Prejudicial Joinder Of Offenses.

Respectfully Submitted,

DAVID R. SOLOMON, ESQ.
201 North Charles Street, Suite 1717
Baltimore, Maryland 21201
Phone No.: (410) 244-8822
Fax No.: (410) 625-1028
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 15th day of May, 2015, a copy of the foregoing was electronically forwarded to:

P. Michael Cunningham, Esquire
Assistant United States Attorney
Office of the United States Attorney
36 South Charles Street, Fourth Floor
Baltimore, Maryland 21201

DAVID R. SOLOMON, ESQ.