**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**UNITED STATES OF AMERICA** *
*
*
**v.** * **Criminal No.: RDB-14-577**
*
*
**JOHN HAYES** *
* * * * * * * * * * * * *

**MOTION TO EXCLUDE TIME**
**PURSUANT TO THE SPEEDY TRIAL ACT**

Now comes the Defendant, John Hayes, by his attorney, David R. Solomon, Esquire, and respectfully submits this Motion To Exclude Time Pursuant To The Speedy Trial Act, and moves to exclude time from the speedy trial calculations pursuant to Title 18 U.S.C. § 3161 (h).

1. On February 6, 2015, the Defendant had an initial appearance on an Indictment alleging violations of 18 U.S.C. § 2113(a) and (f) for a February 3, 2014 robbery of the PNC Bank located at 1100 North Charles Street, Baltimore, Maryland (Count I); for a February 18, 2014 robbery of Wells Fargo Bank located at 860 North Rolling Road, Catonsville, Maryland (Count II); for a March 14, 2014 robbery of Wells Fargo Bank located at 860 North Rolling Road, Catonsville, Maryland (Count III); for an April 21, 2014 robbery of a Capital One Bank located at 11261 New Hampshire Avenue, Silver Spring, Maryland (Count IV); for an April 28, 2014 robbery of a Capital One Bank located at 11241 Georgia Avenue, Silver Spring, Maryland (Count V); for a May 1, 2014 robbery of a Sun Trust Bank located at 10000 Baltimore National Pike, Columbia, Maryland (Count VI); for a May 1, 2014 incident in which Defendant was charged with a violation of 18 U.S.C. § 924 (c)(1)(A) (Count VII); for a violation arising out of Possession of a Firearm on May 6, 2014 in violation of 18 U.S.C. § 922 (g)(1) (Count VIII).

Defendant was arraigned on the same day and consented to Detention pending trial, reserving the right to later contest the same, and remains in the custody of U.S. Marshals.

2. Almost all of the robberies allegedly involve the use of a firearm. When Mr. Hayes was arrested, he made an extensive confession, the recording of which has been provided to the Defendant. Defense counsel has been provided with discovery by the Government arising out of the Indictment. Both Defense counsel and the Government counsel have explored the possibility of an negotiated plea agreement in this matter. However, Defendant is an armed career criminal which poses a significant obstacle to a negotiated plea. In that regard, Defense counsel has represented to both the Government and to this Honorable Court that one (1) of the predicate convictions underlying Defendant's armed career criminal status is a conviction from 1997 arising out of a Robbery Deadly Weapon in Circuit Court for Baltimore County. Undersigned counsel has obtained a transcript from that proceeding and has determined that the Defendant has a meritorious claim to file a Writ Of Coram Nobis with the Circuit Court for Baltimore County. (Undersigned counsel is in the process of drafting that Writ.)

3. A Motions Hearing date in the above-captioned case had been scheduled for October 15, 2015 and a Trial date had been scheduled for November 16, 2015.

4. A Telephone Conference was conducted on September 22, 2015 during which undersigned counsel represented to this Honorable Court that he would need time to prepare the Writ Of Coram Nobis Petition, that filing of same would take place within the next week to ten (10) days, at the most, and would need further time to schedule this matter in for a hearing in the Circuit Court for Baltimore County. In that regard, this Honorable Court graciously rescheduled Trial in the above-captioned case for January 4, 2016 so as to allow the Defense time for the filing of the Writ Of Coram Nobis, as aforesaid.

5. Under the Speedy Trial Act, specifically Title 18, United States Code, Section 3161(c)(1), a criminal defendant must be brought to trial within seventy days of the later of either the filing of an indictment or the first appearance before a judicial officer of the court in which the charge is pending.

6. Periods of delay which would extend the time within which trial should commence include delay resulting from pretrial motions, including this motion, and anticipated pretrial suppression motions. 18 U.S.C. § 3161(h)(1)(F). A period granted by this Court in which to file pre-trial motions is excludable delay under the general provision of Section 3161(h)(1)(F). Although that section enumerates specific excludable proceedings, the list is not exhaustive, and has been interpreted to include a number of difference proceedings and events concerning a defendant. Circuit Courts have ruled that these excludable "proceedings" include time specifically granted for the research, preparation, and filing of pre-trial motions.[1] Underlying these decisions is the notion that the time specifically allotted for the research and preparation of pre-trial motions is a "procedure...which a defendant might legitimately seek to take advantage for the purpose of pursuing his defense." *United States v. Jodoin*, 672 F.2d 232, 238 (1st Cir. 1982). Additional time through the hearing and/or prompt disposition of such motions shall also be excluded pursuant to §3161(h)(1)(F).

---

[1] See *United States v. Hoslett*, 998 F.2d 648, 654-57 (9th Cir. 1993); *United States v. Lewis*, 980 F.2d 555, 564 (9th Cir. 1992); *United States v. Benson*, 941 F.2d 598, 606 (7th Cir. 1991); *United States v. Barnes*, 909 F.2d 1059, 1064 (7th Cir. 1990); *United States v. Asubonteng*, 895 F.2d 424, 427 (7th Cir. 1990); *United States v. Mobile Materials*, 871 F.2d 902, 913-14 (10th Cir. 1989)(per curiam), opinion supplemented on rehearing, 881 F.2d 866 (10th Cir. 1989); *United States v. Piontek*, 861 F.2d 152 (7th Cir. 1988); *United States v. Montoya*, 827 F.2d 143, 153 (7th Cir. 1987); *United States v. Wilson*, 835 F.2d 1440, 1444-45 (D.C. Cir. 1987); *United States v. Thomas*, 788 F.2d 1250, 1256 (7th Cir.), Cert. denied, 479 U.S. 853 (1986); *United States v. Latham*, 754 F.2d 747, 752 n.4 (7th Cir. 1985); *United States v. Tibboel*, 753 F.2d 608, 610 (7th Cir. 1985); *United States v. Jodoin*, 672 F.2d 232 (1st Cir. 1982).

7. Other periods of delay which would extend the time within which trial should commence include delay resulting from a continuance of the trial date beyond the seventy-day speedy trial date, if such continuance is granted by the Court on the basis of a finding that the ends of justice served by taking such action outweigh the best interests of the public and the defendants in a speedy trial. See 18 U.S. C. § 3161(h)(8)(A). Factors which the Court must find applicable in order to make this finding are listed in Section 3161(h)(8)(B) and include the following:

a. "Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

b. Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

c. Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

18 U.S.C. § 3161(h)(8)(B).

8. The Parties respectfully submit that all of the above factors are applicable to this prosecution and justify a continuation of the trial date beyond the speedy trial date. Given the status of the Defendant as an armed career criminal and his effort to strike one (1) of the predicate crimes by way of a Writ Of Coram Nobis Petition in the Circuit Court for Baltimore County as well as the complexity of this case, the Defendant could not be ready to defend this

case within the original time period scheduled for Motions and Trial. In addition, the requested exclusion of time will afford the Parties an opportunity to engage in negotiations to resolve the case short of a trial as well as to allow for the filing of the Writ Of Coram Nobis Petition. Accordingly, the interests of justice served by the requested exclusion of time outweigh the interests of the public and the defendant in a speedy trial.

9. That undersigned counsel has received permission from the Government to represent that it has no objections to the filing of this Motion.

**WHEREFORE**, the Parties respectfully request that this Court enter an Order excluding time under the Speedy Trial Act pursuant to Title 18, United States Code, Section 3161(h)(7)(A), for the period from September 22, 2015 through January 4, 2016.

Respectfully Submitted,

**DAVID R. SOLOMON, ESQ.**
201 North Charles Street, Suite 1717
Baltimore, Maryland 21201
Phone No.: 410-244-8822
Fax No. : 410-625-1028
drsolomonlaw@gmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 22nd day of September, 2015, a copy of the foregoing was served via CM/ECF on P. Michael Cunningham, AUSA, and all counsel of record.

DAVID R. SOLOMON, ESQ.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | * | |
| **v.** | * | **Criminal No.: RDB-14-577** |
| | * | |
| | * | |
| **JOHN EDWARD HAYES** | * | |

* * * * * * * * * * * * *

## ORDER

It is hereby **ORDERED** this ____ day of September, 2015, that the Motion To Exclude The Speedy Trial Act is hereby GRANTED for the period from September 22, 2015 through January 4, 2016. The Defendant has a trial date of January 4, 2016.

______________________________
JUDGE RICHARD D. BENNETT
United States District Court Judge