IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | Criminal Action No. RDB-14-0577 |
| JOHN EDWARD HAYES, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM ORDER**

Defendant John Edward Hayes ("Defendant" or "Hayes") has been charged with five counts of Bank Robbery, in violation of 18 U.S.C. §§ 2113(a) and (f) (Counts I-V); one count of Armed Bank Robbery, in violation of 18 U.S.C. §§ 2113(a), (d), and (f) (Count VI); one count of Using, Carrying and Brandishing a Firearm in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c) (Count VII); one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g) (Count VIII); and Forfeiture of the firearm and ammunition named in Count VIII, pursuant to 18 U.S.C. § 924(d).  Indictment, ECF No. 1. On June 12, 2014, Hayes was interviewed at Baltimore County Police Headquarters.  Police obtained a statement from Hayes that was recorded and videotaped.

Currently pending before this Court is Defendant's Motion to Suppress Oral and Written Statements (ECF No. 16), in which he challenges the admissibility of "any and all oral and written statements that the United States contends were made by the Defendant at any time."  Mot. to Suppress at ¶ 1, ECF No. 16.  Defendant claims, *inter alia*, that the statements were not his own, that they were not voluntary, that they are "in violation of his [constitutional] rights," that they were obtained "without proper advice and waiver of his

1

constitutional rights," that the statements "are otherwise illegal, inadmissible, and prejudicial" to his rights, that he "was not advised of his right to counsel prior to making the statements," and that he "was not, in fact, represented by counsel at the time these statements were allegedly made." *Id.* at ¶ 2.  On December 18, 2015, this Court held a hearing on the pending Motion.  Additionally, this Court has reviewed the videotape of Hayes' June 12, 2014 interview in its entirety.  For the reasons stated below, Defendant's Motion to Suppress Oral and Written Statements (ECF No. 16) is DENIED.

## ANALYSIS

*Miranda* warnings are required when a subject is interrogated while in custody. *Miranda*, 384 U.S. 436 (1966).  However, a subject may waive his rights and voluntarily submit to custodial interrogation.  To be valid, the waiver "need not be explicit, but may be inferred from all the circumstances." *United States v. Hicks*, 748 F.2d 854, 859 (4th Cir. 1984).

"The requirement that Miranda warnings be given does not . . . dispense with the voluntariness inquiry." *Dickerson v. United States*, 530 U.S. 428, 444 (2000).  For a statement to be involuntary under the Due Process Clause of the Fifth Amendment, it must be "extracted by . . . threats or violence;" or "obtained by . . . direct or implied promises;" or the exertion of . . . improper influence." *United States v. Braxton*, 112 F.3d 777, 780 (4th Cir. 1997). In determining voluntariness, the crucial inquiry is whether the subject's will has been "overborne" or his "capacity for self-determination critically impaired." *United States v. Pelton*, 835 F.2d 1067, 1071–72 (4th Cir. 1987).  In determining voluntariness of a statement, the court examines "the totality of the circumstances," including the defendant's individual

characteristics and background, the setting in which the statement occurred, and the details of the interrogation or interview. *United States v. Elie*, 111 F.3d 1135, 1143–44 (4th Cir. 1997).

After considering the testimony and arguments presented at the December 18, 2015 hearing, and after reviewing the recording of Hayes' June 12, 2014 interrogation, this Court concludes that no constitutional violation occurred. Prior to his statements on June 12, 2014, Hayes was thoroughly advised of his *Miranda* rights, each *Miranda* warning was read to him, and he signed and initialed a *Miranda* waiver form. Hayes was sober, alert, and coherent during the review and execution of the *Miranda* waiver and throughout his interrogation. In fact, he confirmed at the beginning of the interview that he felt "okay," he knew where he was, and that he was speaking freely and voluntarily. He communicated clearly with his questioners throughout the interview and described in detail the events leading up to his alleged bank robberies. There is absolutely no evidence of his will being "overborne" or his "capacity for self-determination" being "critically impaired."

## **CONCLUSION**

Accordingly, IT IS this 21st day of December, 2015, by the United States District Court for the District of Maryland hereby ORDERED that:

1. Defendant's Motion to Suppress Oral and Written Statements (ECF No. 16) is DENIED; and

2. The Clerk of the Court transmit copies of this Order to counsel for the parties.

Dated:      December 21, 2015              _____/s/_____

                                           Richard D. Bennett
                                           United States District Judge