IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | Criminal Action No. RDB-14-0577 |
| JOHN EDWARD HAYES, | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Defendant John Edward Hayes ("Defendant" or "Hayes") has been charged with five counts of Bank Robbery, in violation of 18 U.S.C. §§ 2113(a) and (f) (Counts I-V); one count of Armed Bank Robbery, in violation of 18 U.S.C. §§ 2113(a), (d), and (f) (Count VI); one count of Using, Carrying and Brandishing a Firearm in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c) (Count VII); one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g) (Count VIII); and Forfeiture of the firearm and ammunition named in Count VIII, pursuant to 18 U.S.C. § 924(d). Indictment, ECF No. 1.

On December 18, 2015, the parties appeared before this Court for a motions hearing. This Court issued a ruling from the bench which is incorporated herein. For the reasons stated on the record and below, this Court DENIED Defendant's Motion to Dismiss the Alleged Violation of 18 U.S.C. § 924(c) (Count VII) (ECF No. 51). This Memorandum Opinion supplements this Court's ruling.

## ANALYSIS

Defendant contends that Armed Bank Robbery does not qualify as a "crime of violence" under either 18 U.S.C. § 924(c)(3)(A) (the "Force Clause") or 18 U.S.C. §

924(c)(3)(B) (the "Residual Clause"). Def's Mot. to Dismiss, p. 1-2, ECF No. 51. Because Armed Bank Robbery can be accomplished by "intimidation," he argues, it does not necessarily include the 1) "intentional threat" and 2) "violent physical force" essential to a crime of violence under the Force Clause. *Id.* at 1. Additionally, Defendant claims that Armed Bank Robbery cannot qualify as a crime of violence under the Residual Clause because the Residual Clause is unconstitutionally vague in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Id.* at 1-2.

I. **Armed Bank Robbery in violation of 18 U.S.C. §§ 2113(a), (d), and (f) (Count VI) is a crime of violence under 18 U.S.C. § 924(c)(3)(A) (the "Force Clause")**

18 U.S.C. § 924(c) applies only to "crime[s] of violence." Section 924(c)(3)(A) (the "Force Clause"), defines a "crime of violence" as "an offense that is a felony and . . . has as an element the use, attempted use, or threatened use of physical force against the person or property of another . . . ." 18 U.S.C. § 924(c)(3)(A). Armed Bank Robbery is "by force and violence, or by intimidation, tak[ing], or attempt[ing] to take, from the person or presence of another property or money or any other thing of value . . . by the use of a dangerous weapon or device." 18 U.S.C. § 2113(a), (d). Defendant argues that an offense must include (1) an intentional threat of (2) " 'physical' " or " 'violent force . . . capable of causing physical pain or injury to another person' " in order to qualify as a crime of violence. Def.'s Mot to Dismiss, p. 5, ECF No. 51 (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010)). Additionally, he contends that this Court should adopt the "categorical approach" in determining whether Armed Bank Robbery qualifies as a crime of violence, meaning that "[i]f the most innocent conduct penalized by [the] statute does not constitute a 'crime of violence,' then the statute categorically fails to qualify as a 'crime of violence.' " *Id.* at 4.

2

Defendant claims that Armed Bank Robbery fails the categorical test because "intimidation," presumably the most innocent conduct penalized by the Bank Robbery statute, involves only a "threat of bodily harm." *Id.* at 6 (quoting *United States v. Woodrup*, 86 F.3d 359, 364 (4th Cir. 1996)). Defendant argues that the United States Court of Appeals for the Fourth Circuit held in *United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012), that a threat of bodily injury does not necessarily require the use of violent force. *Id.* Additionally, Defendant contends, intimidation occurs " 'whether or not the defendant actually *intended* the intimidation,' as long as 'an ordinary person in the [victim's] position reasonably could infer a threat of bodily harm from the defendant's acts.' " *Id.* at 11 (emphasis added) (quoting *Woodrup*, 86 F.3d at 36). Defendant argues that using a dangerous weapon in commission of a Bank Robbery does not elevate it to the level of a crime of violence. *Id.* at p. 13. For example, a bank robber might threaten to expose a bank teller to poisonous chemicals or even carry a gun, but only because he "feels secure with it." *Id.* at p. 14-15. Defendant argues that the offense would not amount to an (1) "intentional threat" of (2) "violent physical force" in either case. *Id.* (citing *Torres-Miguel*, 701 F.3d at 168-69; *United States v. Martinez-Jimenez*, 864 F.2d 664, 667 (9th Cir. 1989)).

In this case, it is not necessary to engage in the categorical analysis that Defendant proposes. The Fourth Circuit concluded in *United States v. Adkins*, 937 F.2d 947 (4th Cir. 1991) that "[a]rmed bank robbery is unquestionably a crime of violence, because it 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.' " *Adkins*, 937 F.2d at 950, n.2. In *United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012), the Fourth Circuit did not purport to overrule *Adkins*. In fact,

3

where two Fourth Circuit cases conflict, the earlier opinion controls. *See, e.g., United States v. Cobler*, 748 F.3d 570, 577 (4th Cir. 2014) (citing *McMellon v. United States*, 387 F.3d 329, 334 (4th Cir. 2004) (en banc)). Furthermore, adopting Defendant's theory would mean that carjacking under 18 U.S.C. § 2119, which can be accomplished through intimidation, would not qualify as a crime of violence, but the Fourth Circuit has held that "the carjacking statute is a crime of violence." *United States v. Johnson*, 32 F.3d 82, 85 (4th Cir. 1994).

In *United States v. Strong*, No. 3:15-cr-00187-MOC-DCK, 2015 WL 6394237, at *2-4 (W.D.N.C. Oct. 21, 2015) the United States District Court for the Western District of North Carolina considered the same argument raised by Defendant in this case. *Strong*, 2015 WL 6394237, at *2-4. In *Strong*, the defendant was charged with Armed Bank Robbery, in violation of 18 U.S.C. § 2113(a) and (d), and sought to dismiss a Section 924(c) charge against him on the grounds that Armed Bank Robbery was not a crime of violence. *Id.* Like this Court, the court in *Strong* declined to engage in the defendant's proposed analysis because *Adkins* clearly settled the issue. *Id.* at *2. Additionally, following *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013), the court concluded that a "modified categorical approach" applied because the Armed Bank Robbery statute " 'set[] out one or more elements of the offense in the alternative," allowing the court to examine "certain documents, including the Indictment, to determine which statutory alternative was implicated by the offense of conviction." *Id.* (quoting *Descamps*, 133 S. Ct. at 2281). The *Strong* court went on to examine the indictment in that case which, like the indictment in this case, charged the defendant with "by force, violence and intimidation, tak[ing]" a sum of money from the bank. *Id.* at *3; Indictment, p. 6, ECF No. 1. The court concluded that the

4

defendant had clearly been charged "with armed bank robbery, making it *opaque* which of the divisible elements of Section 2113(a) the government intend[ed] to prove." *Id.* at *3. The court denied Defendant's Motion to Dismiss the Section 934(c) charge against him.

In light of the Fourth Circuit's unequivocal statement in *Adkins* that Armed Bank Robbery is a crime of violence and the *Strong* court's previous rejection of Defendant's position, Defendant's Force Clause argument fails. Armed Bank Robbery is a "crime of violence" under 18 U.S.C. § 924(c)(3)(A). Accordingly, Defendant's Motion to Dismiss the Alleged Violation of 18 U.S.C. § 924(c) (Count VII) (ECF No. 51) is DENIED.

## II. 18 U.S.C. § 924(c)(3)(B) (the "Residual Clause") is not unconstitutionally vague in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).

Even if this Court accepted Defendant's argument with respect to the Force Clause, Defendant's Motion would still be denied because Section 924(c)(3)(B) (the "Residual Clause") is not unconstitutionally vague. In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the United States Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague because its application was too "wide-ranging" and "indeterminate." *Johnson*, 135 S. Ct. at 2557. Up to that point, courts analyzing an offense under the ACCA had imagined the kind of conduct that the crime involved in the "ordinary case," and then assessed whether that abstraction presented a serious risk of injury. *Id.* The Supreme Court found that basing the ACCA analysis on an imagined "ordinary case" as opposed to "real-world facts or statutory elements" was a flawed model that created "grave uncertainty." *Id.* Consequently, the Court concluded that it violated "the Constitution's guarantee of due process." *Id.* at 2563. Given that Section 924(c)(3)(B) also involves an "ordinary case" analysis, Defendant argues that it

5

too is unconstitutional in light of the Supreme Court's decision in *Johnson*. However, the fact that both sections involve an ordinary case analysis does not compel the application of the *Johnson* case to Section 924(c)(3)(B). On the contrary, courts are often required to compare a defendant's conduct to other cases. *See, e.g.*, 18 U.S.C. § 3553(a)(6)[1]. Additionally, Defendant can cite no case in which a court has extended the *Johnson* holding to Section 924(c)(3)(B). Furthermore, there are several important differences between Section 924(c)(3)(B) and the ACCA's residual clause that suggest *Johnson* should not be automatically extended to Section 924(c)(3)(B).

The Section 924(c) Residual Clause defines "crime of violence" as "an offense that is a felony and . . . that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). In contrast, the Armed Career Criminal Act's residual clause defines "violent felony" as a crime that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). That list of enumerated crimes preceding the word "otherwise" had consistently troubled the Supreme Court prior to the *Johnson* decision. *See, e.g., James v. United States*, 550 U.S. 192, 215-16 n.7 (2007) (Scalia, J., dissenting). Confusion over how to use them explicitly motivated the Court's decision to strike down the ACCA's residual clause. *See Johnson*, 135 S. Ct. at 2558 (attributing the residual clause's vagueness in part to its structure, which "forces courts to interpret 'serious potential risk' in light of the

---

[1] 18 U.S.C. § 3553(a)(6) provides, in relevant part, that a sentencing court should consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. . ."

6

four enumerated crimes.")  Additionally, the ACCA's residual clause had proven repeatedly difficult for the Supreme Court to construe, and this observation motivated its decision to invalidate the clause. *See Johnson*, 135 S. Ct. at 2559 (noting that *Johnson* was the Supreme Court's "fifth [case] about the meaning of the [ACCA] residual clause").  In contrast, the Supreme Court has only rendered one significant decision implicating Section 924(c)(3)(B), and without controversy. *See Leocal v. Ashcroft*, 543 U.S. 1 (2004).  Furthermore, Section 924(c)(3)(B), unlike the ACCA's residual clause, closely resembles a number of federal and state statutes in its structure. *See, e.g.*, 18 U.S.C. § 16(b); 18 U.S.C. § 3142(f)(1)(A) and (g)(1) (bail statute); 18 U.S.C. § 521(d)(3)(C) (enhanced sentence for criminal gang members).  Thus, extending *Johnson* to Section 924(c)(3)(B) would be a dramatic step, paving the way for courts to invalidate a number of other similarly constructed federal and state laws.

No court has yet held Section 924(c)(3)(B) unconstitutional under *Johnson*.  In light of the many differences between the residual clause in Section 924(c)(3)(B) and the Armed Career Criminal Act's residual clause, the residual clause in Section 924(c)(3)(B) is not unconstitutionally vague.

## **CONCLUSION**

For the reasons stated on the record and supplemented above, this Court DENIED Defendant John Edward Hayes' Motion to Dismiss the Alleged Violation of 18 U.S.C. § 924(c) (Count VII) (ECF No. 51).

Dated:     December 21, 2015                 _____/s/_____

                                                                               Richard D. Bennett
                                                                               United States District Judge